IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT L. ANDREWS; and CLAUDIA J. ROHR,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>HAWAII COUNTY; GREGORY ESTEBAN; JOHN P. STEWART; COREY HASEGAWA; CASEY CABRAL; and DOE DEFENDANTS 1-25,<br><br>　　　　Defendants. | CIVIL NO. 11-00512 JMS/BMK<br><br>ORDER (1) GRANTING DEFENDANTS COUNTY OF HAWAII, GREGORY ESTEBAN, COREY HASEGAWA AND CASEY CABRAL'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PENDING JUDGMENT IN CASE NUMBER CR. NO. 09-1-00296 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII; AND<br>(2) ADMINISTRATIVELY CLOSING CASE PENDING A DECISION IN CASE NUMBER CR. NO. 09-1-00296 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII |

**ORDER (1) GRANTING DEFENDANTS COUNTY OF HAWAII, GREGORY ESTEBAN, COREY HASEGAWA AND CASEY CABRAL'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PENDING JUDGMENT IN CASE NUMBER CR. NO. 09-1-00296 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII; AND (2) ADMINISTRATIVELY CLOSING CASE PENDING A DECISION IN CASE NUMBER CR. NO. 09-1-00296 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII**

## BACKGROUND

On August 23, 2011, pro se Plaintiffs Scott L. Andrews ("Andrews") and his wife Claudia J. Rohr ("Rohr") (collectively, "Plaintiffs") filed this action

asserting federal civil rights claims under 42 U.S.C. § 1983 and state law claims against Defendants Hawaii County (the "County") and Hawaii County Police Department officers Gregory Esteban ("Esteban"), John P. Stewart, Corey Hasegawa ("Hasegawa"), and Casey Cabral (collectively "Defendants"). Plaintiffs assert that Defendants violated Andrews' constitutional rights in investigating, arresting, and prosecuting Andrews for one count of terroristic threatening and four counts of reckless endangerment arising from an altercation Andrews had with a tow truck driver and individuals at the Hilo green waste facility on August 30, 2007. Based on this incident, Plaintiffs' First Amended Complaint asserts claims titled: (1) False Arrest and Malicious Prosecution; (2) Selective Police Enforcement/Prosecution; (3) Interference with Access to the Courts; (4) Malicious Abuse of Process; (5) Speedy Trial Rights; (6) Punitive Damages; and (7) County Negligence. Plaintiffs seek general, special, and punitive damages.

The criminal action against Andrews is currently pending in the Third Circuit Court of the State of Hawaii, Cr. No. 09-1-0296 (the "State criminal action"). In light of this fact, on November 29, 2011, the County, Esteban, and Hasegawa (collectively, "Moving Defendants") filed a Motion to Dismiss, or in the Alternative, to Stay Pending Judgment in the State criminal action ("Motion to

Stay"), arguing that this action should be stayed because Plaintiffs will not be entitled to damages if Andrews is convicted in the State criminal action.[1] On December 21, 2011, Plaintiffs filed their Opposition, agreeing that the court should grant a stay of this action. Pursuant to Local Rule 7.2(d), the court determines Moving Defendants' Motion to Stay without a hearing and GRANTS the Motion to Stay.

## ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

(footnote omitted). *Heck* extends beyond claims challenging convictions to bar a prisoner's claims for wrongful arrest, malicious prosecution, and speedy trial

---

[1] Also pending before the court is Moving Defendants' Motion to Dismiss the FAC, filed on November 18, 2011. Doc. No. 27. Because this Order stays this action pending a judgment in the State criminal action, the court DEEMS MOOT Moving Defendants' Motion to Dismiss the FAC, without prejudice to Defendants raising such arguments when the stay in this action is lifted.

3

violations -- *i.e.*, the precise claims presented by Plaintiffs in this action. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that *Heck* bars plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (explaining that *Heck* bars plaintiff's false arrest and imprisonment claims until conviction is invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* bars plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest and brought unfounded criminal charges); *Gibbs v. Contra Costa Cnty.*, 2011 WL 1899406, at *3 (N.D. Cal. May 19, 2011) (dismissing speedy trial violation claim because such claim "necessarily implies" the invalidity of plaintiff's conviction and such conviction has not been reversed or invalidated).

*Heck* does not, however, bar a plaintiff from bringing an action asserting these claims during the pendency of the criminal action. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), explains that such action should instead be stayed:

> [i]f a plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

Later, "[i]f the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed." *Yuan v. City of Los Angeles*, 2010 WL 3632810, at *5 (C.D. Cal. Aug. 19, 2010) (citing *Wallace*, 549 U.S. at 393); *Peyton v. Burdick*, 358 Fed. Appx. 961 (9th Cir. 2009) (vacating judgment in § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceeding and remanding for district court to stay action until pending state court proceedings concluded); *Harrell v. Lemos*, 292 Fed. Appx. 614 (9th Cir. 2008) (same); *Sturgis v. Brady*, 2009 WL 1227908, at *1 (N.D. Cal. Apr. 30, 2009) ("Although a plaintiff's damages claims will not be barred under *Heck* if the plaintiff has not yet been convicted, the claims should not go forward if such plaintiff's criminal proceedings are still pending.") (citation omitted)).

      The court finds that a stay pursuant to *Wallace* is appropriate.[2] Plaintiffs seek damages and their claims essentially boil down to claims for false arrest, malicious prosecution, and violation of Andrews' right to a speedy trial, and such claims relate to rulings that likely will be made in the State criminal action. In other words, success in this action would necessarily implicate the validity of any conviction, if found, in the State criminal action. *See Heck*, 512 U.S. at 487

---

[2] To the extent Moving Defendants ask the court to dismiss this action, the court rejects such request as contrary to *Wallace*.

("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."). Plaintiffs offer no argument to the contrary, and indeed agree that a stay is in the interest of justice.[3] The court therefore GRANTS Moving Defendants' Motion to Stay, pending a final resolution of the State criminal action.

## CONCLUSION

Based on the above, the court GRANTS Moving Defendants' Motion to Stay and administratively closes this action pending a final resolution of the State criminal action.

In light of this stay, the court further ORDERS that the case be administratively closed. The case shall be administratively reopened after the final resolution of the State criminal action. The administrative closing of this case is solely an administrative matter and does not impact, in any manner, any party's rights or obligations, has no impact on any limitation period applicable to this case, does not alter in any manner any previous rulings by the court, and does not require a filing fee to reopen the case. Moving Defendants are directed to provide the court every three months beginning April 1, 2012 with a written update

---

[3] Plaintiffs do, however, request that "limited discovery" continue in this action. The court rejects this request -- discovery in this civil action is not necessary while the case is stayed.

explaining the status of the State criminal action.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, December 23, 2011.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Andrews et al. v. Hawaii County et al.*, Civ. No. 11-00512 JMS/BMK, Order (1) Granting Defendants County of Hawaii, Gregory Esteban, Corey Hasegawa and Casey Cabral's Motion to Dismiss, or in the Alternative, to Stay Pending Judgment in Case Number Cr. No. 09-1-00296 in the Circuit Court of the Third Circuit, State of Hawaii; and (2) Administratively Closing Case Pending a Decision in Case Number Cr. No. 09-1-00296 in the Circuit Court of the Third Circuit, State of Hawaii